THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MONGO ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-12-0093-HE |
| ) | |
| JUSTICE ALMA WILSON SEEWORTH ) | |
| ACADEMY, INC., ET AL., ) | |
| ) | |
| Defendants. ) | |

# ORDER

This lawsuit arises out of the termination of plaintiff Mongo Allen's employment with defendant Justice Alma Wilson Seeworth Academy, Inc. ("Seeworth"). The complaint asserts nine claims against Seeworth and/or certain of its officers and directors, primarily based upon allegations of discrimination and retaliation. Presently at issue is Seeworth's Rule 12(b)(6) motion to dismiss count eight of plaintiff's complaint, which alleges that Seeworth was negligent in failing "to properly supervise and train its employees to refrain from engaging in unlawful acts, including but not limited to discrimination and retaliation." Complaint ¶ 76 [Doc. #1]. The court concludes the motion should be granted.

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim when a party fails "to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and those allegations, and any reasonable inferences that might be drawn from them, are construed in the light most favorable to the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). The question is whether the complaint contains "enough facts to

state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Seeworth argues that it is immunized from liability by the "discretionary function" exemption of the Oklahoma Government Tort Claims Act, 51 Okla. Stat. §§ 151 et seq. ("OGTCA").[1] That exemption provides that the state or any political subdivision thereof "shall not be liable if a loss or claim results from . . . [the p]erformance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees." 51 Okla. Stat. § 155(5). Under Oklahoma law, "initial policy level or planning decisions are considered discretionary and hence immune, whereas operational level decisions made in the performance of policy are considered ministerial and not exempt from liability." Nguyen v. State, 788 P.2d 962, 964-65 (Okla. 1990). Whether a political subdivision's decision is discretionary or operational depends on the factual circumstances in which the question arises. Robinson v. City of Bartlesville Bd. of Educ., 700 P.2d 1013, 1017 (Okla. 1985).

There is no controlling authority concerning the issue before the court—whether a school board's training, supervision, and retention of its employees is discretionary or operational—and both parties have identified federal district court cases interpreting the OGTCA which tend to support their respective positions. *See* Benedix v. Indep. Sch. Dist. No. I-007 of Okla. County, Okla., No. CIV-08-1060-D, 2009 WL 975145, at *3 (W.D. Okla.

---

[1] *It is undisputed in this case that Seeworth is entitled to the same immunity as any other school district under the OGTCA.*

April 9, 2009) (holding that a school district's decisions concerning the hiring, retention, and supervision of its superintendent are ordinarily discretionary decisions); J.M. v. Hilldale Indep. Sch. Dist. No. I-29 of Muskogee County, Okla., No. CIV 07-367-JHP, 2008 WL 2944997, at **12-13 (E.D. Okla. July 25, 2008) (holding the discretionary function exemption does not apply to claims against a school district for negligent supervision of its teachers). Other state decisions are split on whether employment decisions similar to those involved here are discretionary functions. *Compare* Herrera v. Las Vegas Metro. Police Dept., 298 F. Supp. 2d 1043, 1054-55 (D. Nev. 2004) (applying Nevada law) *and* A. Doe v. Cedar Rapids Cmty. Sch. Dist., 652 N.W.2d 439, 445 (Iowa 2002) (holding "[t]he choices inherent in hiring, retaining, and supervising a particular teacher are not policy choices [the Iowa] legislature intended to immunize.") *with* Larson ex rel. Larson v. Miller, 76 F.3d 1446, 1456-57 (8th Cir. 1996) (en banc) (interpreting the Nebraska Political Subdivision Tort Claims Act) *and* Nance ex rel. Nance v. Matthews, 622 So. 2d 297, 301 (Ala. 1993) (holding that supervision and retention of a school employee are discretionary functions).

The court concludes the Oklahoma Supreme Court would find Seeworth entitled to discretionary-function immunity in the circumstances existing here.[2] The facts of this case are distinguishable from those in Hilldale because the "special relationship" between a school and its students is not present here. *See* Hilldale, 2008 WL 2944997 at *13 (citing Cooper

---

[2]*Like the parties, the court has assumed that a claim for negligent supervision, retention, and training with respect to unlawful discrimination is potentially available under Oklahoma law. Prospectively, that may not be the case—at least insofar as the claim is premised on status-based discrimination—because of the Oklahoma Anti-Discrimination Act's exclusive remedy provision. See 25 Okla. Stat. §§ 1101(A), 1350(A).*

v. Millwood Indep. Sch. Dist. No. 37, 887 P.2d 1370 (Okla. Civ. App. 1994)). Further, the Oklahoma Supreme Court considers analogous provisions of the Federal Tort Clams Act to be persuasive when determining the extent and application of the OGTCA's exemptions. *See, e.g.* Nguyen, 788 P.2d at 964. Employment and termination decisions ordinarily fall within the discretionary-function exclusion of the FTCA. *See* Sydnes v. United States, 523 F.3d 1179, 1185-86 (10th Cir. 2008); *accord* Crete v. City of Lowell, 418 F.3d 54, 64-65 (1st Cir. 2005) (collecting cases and noting that "uniformly the federal circuit courts under the FTCA have found that employer decisions such as hiring, discipline, and termination of employees are within the discretionary function exception."). Moreover, decisions involving the training, supervision, and retention of an upper level school administrator necessarily involve a high level of interaction with policy and institutional management concerns, and are hence the sort of discretionary decisions to which the statutory exception appears to be directed.[3] Therefore, the discretionary-function exemption of the OGTCA bars the claim at issue here.

Defendant's motion to dismiss [Doc. #13] is **GRANTED** and count eight of the amended complaint is **DISMISSED**. Plaintiff's other claims remain for adjudication.

---

[3]*Neither the amended complaint nor plaintiff's brief is explicit on the point, but it seems reasonably clear from the various allegations that it is Janet Grigg, the director of the school, that plaintiff's claim is directed to. That is, plaintiff claims the school and its board negligently supervised, retained, and trained Ms. Grigg as to unlawful discrimination and retaliation. As defendants suggest, Ms. Grigg's position appears to be substantially similar to the position of superintendent in a public school district. Cf* Benedix, *supra.*

**IT IS SO ORDERED**.

Dated this 16th day of April, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE